### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CHARLES GAUTHIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-CV-0861-CVE-SAJ |
| | ) |
| OFFICER REGALADO; | ) |
| DETECTIVE FRANCETIC; | ) |
| BOB ROBERTSON, Detective; | ) |
| MR. LANE, Administrator; and | ) |
| STEVE TOLLIVER, Sheriff, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

On December 17, 2003, Plaintiff, appearing *pro se*, filed this 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). Plaintiff has since filed an amended complaint (Dkt. # 9), as supplemented (Dkt. # 14), in which Plaintiff alleges that his civil rights were violated during his arrest by officers of the Tulsa Police Department, while he was a pretrial detainee at the Tulsa County Jail, during transport to the Creek County Jail, and while he was a pretrial detainee at the Creek County Jail. Before the Court are the following motions: the motion for summary judgment filed by Defendant City of Tulsa (Dkt. # 47); the motion to dismiss filed by Defendant City of Sapulpa (Dkt. # 53); the motion to dismiss filed by Defendant "Creek County Jail" (Dkt. # 51); and the motion for summary judgment filed by Plaintiff (Dkt. # 70).

**A.      Motion filed by Defendant City of Tulsa**

On September 10, 2004, Defendant City of Tulsa filed its motion for summary judgment on the grounds that Plaintiff cannot prove facts demonstrating a direct causal link between the alleged conduct of the individual defendants and an official policy of the City (Dkt. # 47). Plaintiff has filed

a response in which he reasserts various claims about the individual Tulsa police officer defendants and makes a conclusory statement that the City of Tulsa is responsible for its employees (Dkt. # 83).

In considering Defendant's motion for summary judgment, the Court examined the records and affidavits submitted by the parties. The "nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Although Plaintiff responded to the motion, he presented no evidence to refute or controvert the facts in Defendant's motion. Plaintiff's response merely contains allegations about the claims related to defendants Regalado and Francetic, and Plaintiff's conclusion that the City is responsible for the actions of its employees. It is well established that a city cannot be liable for the acts of its employees under § 1983 because of respondeat superior alone. See Board of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997); Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978). Under Monell, municipalities, like other state actors, are subject to liability under § 1983 when their policies "subject, or cause to be subjected, any citizen of the United States, to the deprivation of any right, privilege or immunities secured by the Constitution." Monell, 436 U.S. at 694-95. Plaintiff, however, completely fails to identify any policy of Defendant City of Tulsa which has resulted in the deprivation of any constitutional right. Accordingly, the Court finds that Plaintiff has failed to controvert the summary judgment evidence and argument presented by the City of Tulsa, and its motion shall be granted pursuant to Fed. R. Civ. P. 56.

**B.     Motion filed by Defendant City of Sapulpa**

Defendant City of Sapulpa filed a motion to dismiss on September 10, 2004 (Dkt. # 53). In his response to the motion, Plaintiff agreed that it was error to name the City of Sapulpa as a defendant and asked that it be withdrawn as a "named defendant in my civil rights complaint." (Dkt. # 55). Accordingly, the City of Sapulpa's motion to dismiss shall be granted and Plaintiff's claims against that Defendant shall be dismissed.

**C.     Motion filed by Defendant Creek County Jail**

Defendant "Creek County Jail" has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Dkt. # 51).  In his response (Dkt. # 64) Plaintiff acknowledges that he "made an error by trying to serve" the Creek County Jail but does not specifically agree that the motion should be granted.

In cases where the plaintiff is proceeding *in forma pauperis*, as in this case, section 1915(e) provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall** dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

The Court finds that, even if the allegations in Plaintiff's civil rights complaint are accepted as true, the complaint fails to state a claim upon which relief can be granted as to Defendant Creek County Jail.  See Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).  Numerous courts have held that governmental sub-units or departments, such as the Creek County Jail, are not separate suable entities and are not proper defendants in a section 1983 action. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds*, Tyus v. Martinez, 475 U.S. 1138 (1986);

Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D.N.J. 1993). In contrast, governmental entities, such as a county or municipality, may be sued. Therefore, the motion to dismiss filed by Defendant Creek County Jail (Dkt. # 51) should be granted and Plaintiff's claims against that Defendant shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Motion for summary judgment filed by Plaintiff**

On October 18, 2004, Plaintiff filed a motion seeking summary judgment against Defendants Regalado and the City of Tulsa for failure to file an answer (Dkt. # 70). Plaintiff represented that he had not received copies of an answer or other dispositive pleading from either defendant. Since that time Defendant Regalado has filed a motion for summary judgment (Dkt. # 74) to which Plaintiff has responded (Dkt. # 82). As noted in paragraph A above, the City of Tulsa's motion for summary judgment has been granted. As a result, Plaintiff's motion for summary judgment against these two defendants (Dkt. # 70) for failure to answer shall be denied as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

(1)     Defendant City of Tulsa's motion for summary judgment (Dkt. # 47) is **granted**.

(2)     Defendant City of Sapulpa's motion to dismiss (Dkt. # 53) is **granted**.

(3)     The motion to dismiss (Dkt. # 51) filed by Defendant "Creek County Jail" is **granted**.

(4)     Plaintiff's motion for summary judgment against Defendants City of Tulsa and Regalado (Dkt. # 70) has been rendered **moot** and is denied on that basis.

**IT IS SO ORDERED** this 1st day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT