# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CHARLES GAUTHIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER REGALADO; )<br>DETECTIVE FRANCETIC; )<br>BOB ROBERTSON, Detective; )<br>MR. LANE, Administrator; )<br>STEVE TOLIVER, Sheriff, )<br>CITY OF TULSA; CITY OF )<br>SAPULPA; CREEK COUNTY JAIL )<br>)<br>Defendants. ) | Case No. 03-CV-0861-CVE-SAJ |

## OPINION AND ORDER

This is a civil rights action filed by *pro se* Plaintiff, John Charles Gauthier, who is currently in the custody of the Oklahoma Department of Corrections. The original complaint was filed on December 17, 2003 (Dkt. # 1). It has since been amended and supplemented (Dkt. ## 9, 14). In the amended complaint, as supplemented, Plaintiff alleges that his civil rights were violated during his arrest by officers of the Tulsa Police Department, while he was a pretrial detainee at the Tulsa County Jail, during transport to the Creek County Jail, and while he was a pretrial detainee at the Creek County Jail. Defendants Lane, City of Tulsa, City of Sapulpa and Creek County Jail have been dismissed or granted judgment in their favor by previous orders of this Court (Dkt. ## 69, 102). Plaintiff seeks compensatory, punitive, and nominal damages, in addition to declaratory relief, injunctive relief, a temporary restraining order, a gag order, and appointment of counsel. Currently before the Court are two motions to supplement the record filed by Plaintiff (Dkt. ## 88, 97). On January 27, 2005, Plaintiff filed a motion to supplement the record with exhibits attached to the motion (Dkt. # 88). On April 26, 2005, Plaintiff filed a motion to supplement the record with

additional factual material attached as exhibits (Dkt. # 97). Defendants have not filed a response or objection to either motion. The Court finds Plaintiff's motions to supplement should be granted, and the supplemental material will be considered by the Court upon review of Plaintiff's claims to the extent the material is relevant and admissible.

However, in reviewing the pleadings filed to date, the Court has determined that Plaintiff's amended complaint may be subject to dismissal without prejudice for failure to exhaust administrative remedies. In order to resolve the exhaustion question, the Court finds that supplemental material is needed from the parties as discussed below.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates confined in "any jail, prison, or other correctional facility" to exhaust available administrative remedies before filing a civil rights action under 42 U.S.C. § 1983. Lawsuits filed before the exhaustion requirement is met must be dismissed. Booth v. Churner, 532 U.S. 731, 740-41 (2001); Yousef v. Reno, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation and citation omitted). In a § 1983 action, the burden is on the prisoner to plead exhaustion of administrative remedies under §1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings. Id. at 1209-10. In addition, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Further, the PLRA contains a total exhaustion requirement, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without

prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). A complaint that "fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Steele, 355 F.3d at1210 (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)).

On December 13, 2003, Plaintiff initiated the instant civil rights action. In his amended complaint filed January 9, 2004, Plaintiff alleges that Defendants interfered with his constitutional rights as follows:

| | | |
|---|---|---|
| Count 1: | | Plaintiff was subjected to excessive use of force during his arrest by Tulsa police officers, and he was denied medical care for a "substantive period of time." |
| Count 2: | | Plaintiff was subjected to cruel and unusual punishment and "unwanton [sic] infliction of pain" when Defendant Robertson transported him to the Creek County jail. |
| Count 3: | | Defendants Robertson and Toliver displayed deliberate indifference and conspired to cause Plaintiff great bodily harm, violating his right to be free from "unwanton [sic] infliction of pain" and cruel and unusual punishment, when they placed him in a jail cell at the Creek County jail where he was beaten by other inmates. |

(Dkt. # 9). Plaintiff's amended complaint does not sufficiently address the exhaustion requirement and contains conflicting allegations regarding exhaustion. Plaintiff asserts that he sought informal or formal relief from administrative officials as follows:

- (1) Tulsa Police Internal Affairs.
- (2) Letters to Judge Sellers regarding "wrongdoings by Det. Francetic, Regalado, D.A. Sean Baker."
- (3) Grievance filed with Creek County Jail Authority.

Significantly, Plaintiff responds "No" to the question on page seven (7) of his amended complaint which asks if he has exhausted available administrative remedies. By way of explanation Plaintiff states, "This is not a suit against the D.O.C." (Dkt. #9 at 7). However, the PLRA requires exhaustion of administrative remedies by all plaintiffs confined in any jail, prison, or other correctional facility and is not limited to prison facilities such as those operated by the Oklahoma Department of Corrections ("DOC"). 42 U.S.C. § 1997e(a).

Because Plaintiff has the burden of pleading exhaustion he must provide copies of written documentation or describe with specificity the administrative proceeding in which he exhausted his administrative remedies and its outcome. Steele, 355 F.3d at 1210. Plaintiff's general references to the Tulsa Police Internal Affairs, letters to Judge Sellers, and a grievance of some type filed with the Creek County Jail Authority are insufficient to satisfy the pleading requirement imposed by the PLRA. Accordingly, within fifteen (15) days of the entry of this Order, Plaintiff shall supplement his amended complaint with specific information demonstrating exhaustion of administrative remedies. Plaintiff must provide documentation showing his administrative proceedings, or provide a comprehensive statement describing the exact claim(s) made to administrative officials, the date(s) made, and the resolution of such claim(s). Failure to file a timely supplement, or to provide adequate information regarding exhaustion of administrative remedies, may result in dismissal of Plaintiff's complaint. Defendants shall have fifteen (15) days after the date of entry of Plaintiff's supplement to file a response. The response should include, if applicable, copies of any documents referencing Plaintiff's efforts to exhaust administrative remedies. It should also include copies of any policies and procedures describing administrative remedies available to Plaintiff at the time of the incident(s) complained of by Plaintiff.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

(1) Plaintiff's motions to supplement the record (Dkt. ## 88, 97) are **granted**.

(2) Within fifteen (15) days of the entry of this Order, Plaintiff shall provide documentation showing his administrative proceedings, or provide a comprehensive statement describing the exact claim(s) made to administrative officials, the date(s) made, and the resolution of such claim(s).

(3) Defendants shall have fifteen (15) days after the filing of Plaintiff's supplement to file a response, including the documentation and information described herein.

**Failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

**IT IS SO ORDERED** this 9th day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT