**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN CHARLES GAUTHIER,          ) | |
|                **Plaintiff,**        ) | |
| v.                              ) | Case No. 03-CV-0861-CVE-SAJ |
| OFFICER REGALADO;               ) | |
| DETECTIVE FRANCETIC;            ) | |
| BOB ROBERTSON, Detective;       ) | |
| MR. LANE, Administrator;        ) | |
| STEVE TOLLIVER, Sheriff,        ) | |
| CITY OF TULSA; CITY OF          ) | |
| SAPULPA; CREEK COUNTY JAIL      ) | |
|                **Defendants.**       ) | |

**OPINION AND ORDER**

      This is a 42 U.S.C. § 1983 civil rights action filed by *pro se* Plaintiff, John Charles Gauthier, who is currently in the custody of the Oklahoma Department of Corrections ("DOC"). The original complaint was filed on December 17, 2003 (Dkt. # 1). It has since been amended and supplemented (Dkt. ## 9, 14). In the amended complaint, as supplemented, Plaintiff alleges that his civil rights were violated during his arrest by officers of the Tulsa Police Department, while he was a pretrial detainee at the Tulsa County Jail, during transport to the Creek County Jail, and while he was a pretrial detainee at the Creek County Jail. Defendants Lane, City of Tulsa, City of Sapulpa and Creek County Jail have been dismissed or granted judgment in their favor by previous Orders of this Court (Dkt. ## 69, 102). Plaintiff seeks compensatory, punitive and nominal damages, in addition to declaratory relief, injunctive relief, a temporary restraining order, a gag order, and appointment of counsel.

On February 10, 2004, Defendant Francetic filed a motion for summary judgment (Dkt. # 46). Plaintiff filed his response on September 20, 2004 (Dkt. # 59). On September 17, 2004, Defendant Robertson filed a motion for summary judgment (Dkt. # 57). Plaintiff filed his response on September 27, 2004 (Dkt. # 66). On October 25, 2004, Defendant Regalado filed a motion for summary judgment (Dkt. # 74). Plaintiff filed his response on December 2, 2004 (Dkt. # 82). A Special Report (Dkt. # 52) has also been filed as directed by the Court.

Upon review of the pending motions, the Court determined earlier this year that Plaintiff's amended complaint may be subject to dismissal without prejudice for failure to exhaust administrative remedies. See Dkt. # 104 at 2. On February 9, 2006, this Court entered an Order requiring certain supplemental material from the parties to assist in resolving the exhaustion question (Dkt. # 104). As set forth in the February 9, 2006, Order, Plaintiff's amended complaint did not sufficiently address the exhaustion requirement and contained conflicting allegations regarding exhaustion.[1] In response to the Court's Order, Plaintiff filed a "motion for leave to amend complaint and to supplement the record." See Dkt. # 106. Defendants Regalado and Francetic filed a response to Plaintiff's motion in which they ask this Court to dismiss Plaintiff's action for failure to exhaust administrative remedies (Dkt. # 108).[2] Plaintiff filed a reply to the response (Dkt. # 109).

---

[1] This Court noted that Plaintiff alleged he had sought both informal and formal relief from administrative officials, but checked "No" on page 7 of his amended complaint in response to the question asking if he had exhausted available administrative remedies. See Dkt. # 104 at 3-4.

[2] Defendants Regalado and Francetic assert that Plaintiff failed to plead exhaustion of remedies regarding his complaints arising out of his detention in the Tulsa County Jail and the Creek County Jail (Dkt. # 108 at 2).

2

Defendants Robertson and Tolliver did not initially file a response to Plaintiff's motion. Finding that responses from Robertson and Tolliver were critical to resolution of the exhaustion issue, this Court entered a Corrected Order on April 14, 2006, directing Defendants Robertson and Tolliver to respond and "provide, if applicable, copies of any documents referencing Plaintiff's efforts to exhaust administrative remedies as well as copies of any policies and procedures describing administrative remedies available to Plaintiff at the Creek County Jail or otherwise provided by Creek County at the time of the incidents complained of by Plaintiff." See Dkt. # 113 at 2. Defendant Robertson filed his response on May 3, 2006, asking the Court to dismiss Plaintiff's complaint for failure to exhaust (Dkt. # 114). Defendant Robertson also provided a copy of the grievance policy for the Creek County Jail (Dkt. # 114, Ex. 1). Defendant Tolliver filed a response on May 4, 2006, with attached copies of the prisoner grievance policy of Creek County Sheriff's Department and various grievance forms available to prisoners at the Creek County Jail (Dkt. # 117). The policy provides for three administrative procedures available to inmates when reporting a grievance (Dkt. # 117, Exs. A, B, C). Defendant Tolliver asserts that Plaintiff did not avail himself of any of the grievance procedures, but did "write a letter to the jail nurse some days after he was allegedly injured in a fight in his cell." See Dkt. # 117 at 2, Ex. E. In his response, Defendant Tolliver asks this Court to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. Plaintiff filed a reply and combined motion for summary judgment to Robertson's response (Dkt. ## 125, 126), and a reply and combined motion for summary judgment to Defendant Tolliver's response (Dkt. ## 127, 128).

The following motions are currently before the Court: motion for summary judgment filed by Defendant Francetic (Dkt. # 46); motion for summary judgment filed by Defendant Robertson

3

(Dkt. # 57); motion for summary judgment filed by Defendant Regalado (Dkt. # 74); motion to amend and supplement the record filed by Plaintiff (Dkt. # 106); and two motions for summary judgment filed by Plaintiff (Dkt. ## 125, 127).

As an initial matter the Court has reviewed Plaintiff's pending motion to amend and supplement the record (Dkt. # 106) and the objections filed by the defendants (Dkt. ## 108, 114, 117). The Court finds Plaintiff's motion to amend and supplement the record should be granted to the limited extent the amendment and supplement relate to the issue of exhaustion of administrative remedies. The motion shall be denied insofar as Plaintiff requests this Court to hold his case in abeyance pending exhaustion of administrative remedies. The amendment, with supplemental argument, has been considered by the Court in both its review of the dispositive motions presently before the Court and its review of the exhaustion issue. For the reasons stated below, the Court finds that Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies, and the motions for summary judgment filed by Defendants shall be declared moot. Plaintiff's motions for summary judgment shall also be declared moot.

## *BACKGROUND*

On August 29, 2002, Plaintiff was arrested on an outstanding warrant after leading Tulsa Police Officers on a foot chase through a residential neighborhood in Tulsa, Oklahoma. The pursuit of Plaintiff was initiated by Defendant Regalado and ended in an alley located near 2700 East Admiral Boulevard. After a chase and scuffle in which both Plaintiff and Regalado were injured, Officer Barnett assisted Defendant Regalado in getting Plaintiff subdued and handcuffed. Two plastic baggies of a tannish powder resembling methamphetamine were found on Plaintiff during a search of his person incident to the arrest. An ambulance was called and both Plaintiff and

Defendant Regalado received medical attention at the scene by EMSA for their minor injuries. Plaintiff was later taken to a hospital where he was treated for an injury to his ear suffered during the scuffle. While at the hospital, Defendant Francetic was called to interview Plaintiff regarding an exchange of information for leniency in Plaintiff's criminal cases. Plaintiff was later released from jail to work as an informant pursuant to his agreement with Defendant Francetic. Because he failed to produce information or stay in touch with the police, Plaintiff was subsequently arrested on charges stemming from his August 29, 2002, encounter with police. He was convicted on a guilty plea of resisting arrest (count 1) and unlawful possession of a controlled drug schedule II felony (count 2) in Tulsa County District Court, Case No. CF-2002-6070.

On October 17, 2002, Plaintiff was transported from the Tulsa County Jail to the Creek County Jail by Defendant Robertson. He was charged, and subsequently plead guilty to two counts of uttering a forged instrument in Creek County District Court, Case No. CF-2002-356. Plaintiff alleges that during the transport from Tulsa County to Creek County, Defendant Robertson stopped the vehicle they were riding in and beat him. Upon arrival at the Creek County Jail, Plaintiff was placed in a general population cell where he was attacked by other inmates. The fight was broken up and Plaintiff was taken to a local hospital for treatment. An investigation was conducted regarding the attack and criminal charges were filed against three inmates.

On December 13, 2003, Plaintiff initiated the instant civil rights action. In his amended complaint filed January 9, 2004, Plaintiff alleges that Defendants interfered with his constitutional rights as follows:

> Count 1: Plaintiff was subjected to excessive use of force during his arrest by Tulsa police officers, and he was denied medical care for a "substantive period of time."

Count 2:      Plaintiff was subjected to cruel and unusual punishment and "unwanton infliction of pain" when Defendant Robertson transported him to the Creek County jail.

Count 3:      Defendants Robertson and Tolliver displayed deliberate indifference and conspired to cause Plaintiff great bodily harm, violating his right to be free from "unwanton infliction of pain" and cruel and unusual punishment, when they placed him in a jail cell at the Creek County jail where he was beaten by other inmates.

## *ANALYSIS*

**A.     Dismissal under 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff was granted leave to proceed *in forma pauperis* in this action (Dkt. # 4). Pursuant to the Prison Litigation Reform Act ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996); Hall, 935 F.2d at 1110. A complaint "that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Steel v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)).

**B.     Exhaustion of Administrative Remedies**

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Id. (quotation omitted). The "PLRA contains a total exhaustion requirement" and "the presence of unexhausted claims in [a] complaint" requires the dismissal of the complaint in its entirety without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003).

7

In this case, Plaintiff has not satisfied the total exhaustion requirement and his complaint must be dismissed in its entirety without prejudice. Ross, 365 F.3d at 1189. Relevant to the Court's analysis of exhaustion is Plaintiff's confinement in the Creek County Jail and his claims related to that confinement. Plaintiff's other claims pertain to his arrest in Tulsa, lack of proper medical care by the Tulsa police after his arrest, and his alleged beating while being transported to Creek County and do not fall within the PLRA's exhaustion requirement because Plaintiff was not "confined in any jail, prison, or other correctional facility" when those claims arose. See Robbins v. Chronister, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement.") However, Plaintiff's claims of deliberate indifference and cruel and unusual punishment while confined at the Creek County Jail clearly fall within the PLRA's administrative exhaustion requirement.

As identified below, Plaintiff has provided ambiguous explanations, excuses and contentions concerning the exhaustion of administrative remedies for his Creek County Jail issues.

### Amended Complaint (Dkt. # 9)

In his January 9, 2004, amended complaint, Plaintiff advised that he had not exhausted administrative remedies because, "[T]his is not a suit against the DOC." See Dkt. # 9 at 7. However, on the back of page 7, Plaintiff asserted that he "filed a grievance with the Creek County Jail Authority. Gave it to (I believe) Detention Officer 'Jeremy Plane' _____. A substantial amount of time had gone by so I wrote to internal affairs (D.O.C.). They said I needed to write the sheriff. I wrote a letter to the sheriff, but as yet I have gotten no reply." (Dkt. # 9).

Plaintiff has not provided a copy of the referenced grievance, or the letter he wrote to the sheriff. He does not indicate the date of either the grievance or the letter, nor does he describe with specificity the subject matter of either.

## Motion for Leave to Amend (Dkt. # 106)

In response to this Court's February 9, 2006, Order (Dkt. # 104), Plaintiff filed a motion for leave to amend his complaint a second time. Plaintiff seeks permission to change his "No" answer to "Yes" in response to the question regarding exhaustion (Dkt. # 106 at 1). However, he also explains that he was never informed by the Creek County Jail of any available remedies that needed to be exhausted. Therefore, he argues that he has fulfilled his obligation and "should be excused from, or the exhaustion defense should be waived in this particular case." Id.

In contrast to his assertion in the January 9, 2004, amended complaint (Dkt. # 9), Plaintiff now states that he "was told by Tulsa C.C.A. Attorney, Don Pope, Jailers Frank and Jeremy at the Creek County Jail, as well as, Warden Sutter and Unit Manager Jon Herlan, both D.O.C. Employee's [sic], that there wasn't [sic] any Administrative Remedies available in the system to exhaust" prior to suing the Defendants (Dkt. # 106 at 2). Plaintiff argues that he was not put on notice, or provided with any warning of a need to exhaust any administrative remedies prior to initiation of his lawsuit. Significantly, on the very next page of Plaintiff's amended complaint, Plaintiff asserts that he filed numerous complaints with the Creek County Jail Authority on regular paper because he "knew how to initiate these procedures, because [he] was incarcerated once before with a two (2) year non-violent offense." Id. at 3-4. Again, Plaintiff does not provide copies of any of the "numerous complaints" he filed with the Creek County Jail. Instead, he provides copies of responsive letters from DOC personnel indicating they have forwarded Plaintiff's correspondence to appropriate

9

authorities for review (Dkt. # 106, Exs. A-1, A-2, A-3). The substance of Plaintiff's letters which generated the responses is unknown. The Court notes that a copy of a fourth letter from Bobby Boone, Deputy Director of Institutions for the DOC, references issues at the Tulsa County Jail, but makes no mention of the incident(s) at Creek County Jail (Dkt. # 106, Ex. C).

Finally, Plaintiff attaches an affidavit to his motion for leave to amend in which he states that he submitted several complaints, one of these to county jailer, Jeremy Plane. Plaintiff claims he is unable to provide the exact date of the complaint(s) because a large part of his legal material was lost after being confiscated by DOC officials. Plaintiff states in the affidavit that the grievance concerned "unsatisfactory jail conditions (violence)" and "one of these two complaints pertained to my treatment at the hands of jailers and inmates while 'twice' housed in the Creek County Jail."

### **Plaintiff's motions for summary judgment (Dkt. ## 125, 127)**

Reiterating his exhaustion arguments made in prior pleadings, Plaintiff seeks summary judgment on the limited issue of exhaustion. In response to the production of a copy of Creek County Jail's formal grievance policy submitted to the Court by Defendants Robertson and Tolliver, Plaintiff argues that the policy was not made available to him because jail personnel obstructed and interfered with his "good faith efforts" to exhaust. See, e.g., Dkt. # 125 at 9.

According to the Creek County Sheriff's Department Operations Manual dated May 1, 1990 (Dkt. # 117, Ex. A), prisoners can initiate formal grievance proceedings by reporting a grievance, in writing, to a jailer. See Dkt. # 117, Ex. D ("Inmate/Offender Grievance Report Form"). The jailer delivers the grievance to the Jail Administrator who assigns the grievance to a supervisor for investigation. Upon completion of the investigation, the Jail Administrator submits a written report to the Undersheriff. Id.  The prisoner is given a copy of the findings and recommendations. Possible

corrective action, if any is needed, is discussed with the inmate. Id. Informal grievances can be handled through the use of Creek County's "Request to Staff" form (Dkt. # 117, Ex. B), or "Medical Request" form (Dkt. # 117, Ex. C). Defendant Tolliver advises that, "Plaintiff did not file a 'Request to Staff', 'Request for Medical Services' or a 'Grievance' with respect to any alleged mistreatment while incarcerated at the Creek County Jail." See Dkt. # 117 at 2. In his response, Plaintiff does not dispute that he did not submit any of the forms identified by Defendant Tolliver (Dkt. # 127). Instead, Plaintiff claims that the forms were not in use during his incarceration at the Creek County Jail and appear to be altered "to mislead this Court." See Dkt. # 127 at 4-6.

Upon careful review of the argument and record provided for review, the Court finds that Plaintiff has failed to provide sufficient evidence that he exhausted administrative remedies for the claims related to his confinement at Creek County Jail. He has not met his burden of pleading exhaustion with sufficient specificity. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003); 42 U.S.C. § 1997e(2). The record presented by the parties demonstrates that Plaintiff filed this civil rights action prior to exhausting the grievance process provided by Creek County for the claims relating to his stay at the Creek County Jail. Therefore, the Court concludes the complaint shall be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). The dismissal of this matter shall be without prejudice and is effective as to all Defendants. A separate judgment shall be entered for Defendants.

**C.	Remainder of pending motions are declared moot**

Because the complaint is being dismissed for failure to exhaust it is unnecessary to rule on the remaining motions filed by both Plaintiff and Defendants. The motions for summary judgment filed by Defendant Francetic (Dkt. # 46), Defendant Robertson (Dkt. # 57), and Defendant Regalado (Dkt. # 74) shall be declared moot. Plaintiff's motions for summary judgment (Dkt. ## 125, 127) shall also be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

(1)	Plaintiff's motion to amend and supplement the record (Dkt. # 106) is **granted in part** and **denied in part**.

(2)	Defendant Francetic's motion for summary judgment (Dkt. # 46) is **declared moot.**

(3)	Defendant Robertson's motion for summary judgment (Dkt. # 57) is **declared moot.**

(4)	Defendant Regalado's motion for summary judgment (Dkt. # 74) is **declared moot.**

(5)	Plaintiff's motions for summary judgment (Dkt. ## 125, 127) are **declared moot**.

(6)	Plaintiff's claims against all Defendants are **dismissed without prejudice** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

(7)	This is a final order terminating this action.

**IT IS SO ORDERED** this 16th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT